# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 2:06cr8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER REQUIRING MENTAL |
| ) | EVALUATION ON ISSUE OF |
| JOSEPHINE KALONAHESKIE ) | COMPETENCY TO |
| CALHOUN. ) | STAND TRIAL |
| _____ ) | |

**THIS MATTER** is before the court on the court's own Motion for Psychiatric Examination, which has ben opposed by counsel for the United States. On June 5, 2006, an in-court proceeding was conducted to determine whether defendant had both knowingly and voluntarily entered a Plea of Guilty in this matter. Fed.R.Crim.P. 11. During the course of that proceeding, it became apparent to the court that defendant did not understand the nature of the proceeding or the role of the participants, including the role of a prosecuting attorney and the role of a judge. Upon direct inquiry from the court, defendant advised that she had been hospitalized in l990 or l991 for mental illness for approximately 18 months as a result of hallucinations. She had received outpatient treatment for depression and hallucination during 2004 up into 5005 and, she was currently on medication for depression and was taking another medicine, but did not know what it was for. Defendant informed the court that in addition to suffering from depression, she also had vivid hallucinations involving strangers, dressed in black, appearing and then disappearing through walls. She informed the court that such hallucinations had occurred as recently as three days before the hearing. After an adjournment to afford counsel an opportunity to discuss the proceeding with defendant, she

returned to the courtroom. Upon further inquiry from the court, and after attempting for a second time to go through the plea colloquy, it was apparent to the court that defendant still did not understand the nature of the proceeding or the roles of the participants. Having considered the court's own motion, and finding under 18, United States Code, Section 4241(a), that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render defendant unable to understand the nature and consequences of the proceedings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) **THE DEFENDANT** shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section 4241(b) and Rule 12.2, Federal Rules of Criminal Procedure, to determine if the defendant, JOSEPHINE KALONAHESKIE CALHOUN, is presently insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him or to properly assist in his defense.

(2) **FOR PURPOSES OF EXAMINATION** pursuant to Section 4241(b), defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed forty-five (45) days, as is necessary to make

evaluations as to whether JOSEPHINE KALONAHESKIE CALHOUN is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense. For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(3) **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to defendant's counsel, the United States Attorney, and the United States Marshal.

(4) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(5) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the**

**Clerk of this court**, a copy to counsel for JOSEPHINE KALONAHESKIE CALHOUN, and a copy to the United States Attorney.

(6) **THE UNITED STATES MARSHAL,** shall transport defendant JOSEPHINE KALONAHESKIE CALHOUN to the mental health institution, which shall be designated by the Attorney General, and return defendant JOSEPHINE KALONAHESKIE CALHOUN immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume. **The United States Marshal is permitted a total of 10 days within which to transport JOSEPHINE KALONAHESKIE CALHOUN to and from the mental health institution.** If bond has not been allowed, the defendant shall remain in the custody of the United States Marshal.

(7) **THE UNITED STATES MARSHAL** shall provide defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(8) **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists or psychologists employed by the government determine that defendant is

competent to stand trial, counsel for defendant may promptly, thereafter, file a motion for appointment and examination by independent experts. Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that defendant does not have a "rational as well as factual understanding of the proceedings against him." Penry v. Lynaugh, 492 U.S. 302, 333 (1989). The filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

Signed: June 5, 2006

This Order is entered in respons

Evaluation.

Dennis L. Howell
United States Magistrate Judge